FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 24 2009
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEE BARCLIFF,

                        Petitioner,

    -against-

JOSEPH T. SMITH, Superintendent of
Shawangunk Correctional Facility,

                        Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
& ORDER

09-CV-3396 (ENV)

VITALIANO, United States District Judge:

Petitioner Lee Barcliff, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## BACKGROUND

On February 7, 2002, petitioner was convicted of murder in the second degree, upon a jury verdict, before the New York Supreme Court, Kings County, and he was sentenced to 25 years to life imprisonment. See Petition at ¶¶ 1-7. On May 16, 2005, the Appellate Division affirmed the conviction, People v. Barcliff, 18 A.D.3d 666, 794 N.Y.S.2d 682 (2d Dep't 2005), and the New York Court of Appeals denied leave to appeal on July 22, 2005, People v. Barcliff, 5 N.Y.3d 785,

801 N.Y.S.2d 806 (table), 835 N.E.2d 666 (2005). Petitioner did not file a writ of certiorari to the United States Supreme Court. See Petition at ¶ 10 (g).

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about October 20, 2005, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, 549 U.S. 327, 334 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed in federal court on or before October 20, 2006. Instead, this petition dated July 9, 2009, was

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

2

filed with this Court long after the one year limitations period had already expired. Therefore, the petition is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

A. Tolling

   1. *Statutory Tolling*

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). On December 15, 2005, petitioner filed a post-conviction motion under New York C.P.L. § 440.10 ("440 motion"), but he does not provide the date this 440 motion was denied and whether he appealed the denial of the motion and the dates related to any appeal of this 440 motion. Petitioner provides other dates (*e.g.*, May 22, 2009 and June 5, 2009), but it is unclear whether these dates are connected to the 440 motion he filed in December 2005 or whether they apply to another post-conviction motion or application. See Petition at ¶ 12. Without more information, the Court cannot determine whether any time can be tolled under the statutory tolling provision.

   2. *Equitable Tolling*

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 549 U.S. at 336 (assuming without deciding that equitable tolling is available if petitioner

can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). The Second Circuit has held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Smith, 208 F.3d at 17). As currently presented, petitioner does not provide a basis for seeking equitable tolling.

## CONCLUSION

Accordingly, the Court directs petitioner to show cause by written affirmation,[2] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S.198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner must provide the date the 440 motion was denied, the date he filed an appeal of that denial and the date the appeal was decided. If petitioner filed any other post-conviction motions, the same information is required as well. Petitioner's affirmation should present any facts which would support equitable tolling of the period of limitations, if applicable. No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
August 21, 2009

ERIC N. VITALIANO
United States District Judge

---

[2] An affirmation form is attached to this order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

LEE BARCLIFF,

               Petitioner,                         **PETITIONER'S AFFIRMATION**

   -against-

                                                  **09-CV-3396 (ENV)**

JOSEPH T. SMITH, Superintendent of
Shawangunk Correctional Facility,

               Respondent.
_____X

     LEE BARCLIFF, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code